UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

DAVID WAYNE CHRISTINE and JOLEEN ANN CHRISTINE,

Debtors.

Case No. DK 08-03766
Chapter 11
Hon. Scott W. Dales

/

**MEMORANDUM OF DECISION**

Fifth Third Mortgage Company (the "Lender") filed a Motion for Relief from the Automatic Stay and Entry of Order Waiving the Provision of FRBP 4001(a)(3), DN 71 (the "Motion"), alleging cause arising from the failure of Chapter 11 Debtors, David and Joleen Christine's (the "Debtors") to make regularly monthly mortgage payments on account of the Lender's mortgage. The Lender's claim against the Debtors is secured by the Debtors' principal residence, and therefore protected against modification. The Debtors have remained in possession of the property of their bankruptcy estate since they filed this case on April 29, 2008.

The court previously adjourned the Motion because the parties thought they had reached a settlement. The Lender's lien, which secures a debt in the amount of $305,043.60, is in first position, and the parties agreed the property's value exceeded the amount of the debt. Under 11 U.S.C. § 506(b), interest continues to accrue at the rate of $48.92 per day. The Debtors also granted a second mortgage on their residence to another lender, LDL I, LLC ("Second Lender"), who has also moved for stay relief.

After the supposed settlement of the Motion fell through, the Lender and the Debtors appeared for a final hearing on May 14, 2009 in Kalamazoo, Michigan ("Final Hearing"). The Lender argued that cause exists to grant stay relief because Debtors have failed to make post-petition mortgage payments for several months, and admitted they are without income to make such payments. In addition, the Lender argued the Debtors could not modify its mortgage rights because the mortgage qualifies for protection against modification under 11 U.S.C. § 1123(b)(5).

At the Final Hearing, Debtors' counsel did not meaningfully contradict the allegations, but argued that the Debtors were in the process of selling their residence -- a valuable home on Lake Michigan -- and that a successful sale would give the Lender precisely what it would receive if the Lender were permitted to foreclose, while protecting some value for the Second Lender and the unsecured creditors. As a result, according to the Debtors, there is no cause to lift the automatic stay. The court has considered the Debtors' argument and rejects it.

At the Final Hearing, the court confirmed that the Debtors have not yet filed a reorganization plan or disclosure statement, although their case has been pending for over a year.

Because the Bankruptcy Code does not define "cause," the court considers a variety of factors requiring the court to exercise judgment and discretion on a case-by-case basis. The decision is not susceptible to formulaic resolution. However, the longer a case is pending without meaningful steps toward resolution, the harder it becomes to justify perpetuating the automatic stay. See In re Holly's, Inc., 140 B.R. 643, 684 (Bankr. W.D. Mich. 1992). Here, the case has been pending for over a year,

without meaningful payments as required under the loan documents, and without any reorganization plan on file. The court acknowledges that there is value in the property against which the Lender's interest and other costs could be charged, but this would come at the expense of the Second Lender and other creditors.

The Debtors' admission that they lack the resources to fund mortgage payments, the Lender's insistence on such payments, the lengthy interim between the petition date and the Final Hearing, and the proscription against modifying the Lender's rights under a plan of reorganization (assuming the Debtors propose one), establish to the court's satisfaction that cause exists to lift the automatic stay. The Debtors' arguments premised on their hopes of selling their expensive home on Lake Michigan did not move the court. See 11 U.S.C. § 362(g). Accordingly, the court will enter a separate order lifting the automatic stay to permit the Lender to pursue its remedies under the loan documents and applicable law. Because the Debtors have opposed the Motion and may wish to seek review of the order granting it, however, the court is not inclined to waive the 10 day stay prescribed in Fed. R. Bankr. P. 4001(a)(3).

Date: May 19, 2009

Scott W. Dales
United States Bankruptcy Judge

3